Dear Mr. Jewell:
In response to your correspondence of recent date, note that the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61 etseq., do not prohibit one from holding a full-time appointive office while holding a position of part-time employment. The fact that the former position here under consideration is deputy sheriff, and the latter position is part-time employee as director of the parish multi-use facility does not, in our opinion, involve concern under the incompatibility provisions under R.S. 42:64(5) which provide:
 (5) One office, whether or not in conjunction with fellow officers, or employment, is charged with auditing the accounts of or approving the budget of the other position.
You have advised us that parish and the sheriff's office operate under independent budgets. Because the parish governing body does not approve the budget of the sheriff or position of deputy sheriff, R.S. 42:64(5) quoted above is inapplicable. In accord is Attorney General Opinion 83-320, copy attached.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 83-320
May 23, 1983
78 OFFICES — DUAL OFFICEHOLDING R.S. 42:63 (D); 42:64
A p.t. deputy sheriff may also serve as a p.t. parish council employee; prohibition against sheriff in R.S. 42:63 (D) does not include deputies; parish council does not approve budget of sheriff.
Hon. Herman B. Schoenberger, Sheriff Plaquemines Parish Pointe-A-La-Hache, Louisiana 70082
Dear Sheriff Schoenberger:
Your inquiry of recent date addressed to Attorney General William J. Guste, Jr. has been directed to me for attention and reply.
I understand your question to be as follows:
 Under Louisiana's Dual Officeholding and Dual Employment Law, may a part-time deputy sheriff also work part time as a secretary for a member of the parish council.
Your particular concern appears to be the prohibition contained in R.S. 42:63 (D), the pertinent part of which reads as follows:
 ". . . In addition no sheriff, assessor or clerk of court shall hold any office or employment under a parish governing authority or school board nor shall any member of a parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court."
However, our office has previously taken the position that for purposes of the Dual Officeholding Law a deputy sheriff is an employee of the sheriff; but notwithstanding, the above quoted section is concerned with local elective offices and not their deputies or employees.
Further, another area of concern is contained in R.S. 42:64 (5) Incompatible Offices, which reads as follows:
 "(5) One office, whether or not in conjunction with fellow officers, or employment, is charged with auditing the accounts of or approving the budget of the other position."
Although, by direction of law, part of the sheriff's funds are received from a parish governing authority, the parish council does not audit or approve the budget of the sheriff or the position of a deputy sheriff.
Therefore, unless prohibited by your home rule charter it is the opinion of our office that a part-time deputy sheriff in your office may also work part time as a secretary to a member of the parish council.
If you have any further questions regarding this matte?, "please contact our office.
Sincerely yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 By: ___________________________ HARRY H. HOWARD Assistant Attorney General
HHH:ss